IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES EDWARD DANIELS, ) <br> ID # 1409320, ) <br>     Petitioner, ) <br> vs. ) <br> ) <br> NATHANIEL QUARTERMAN, Director, ) <br> Texas Department of Criminal ) <br> Justice, Correctional Institutions Division, ) <br>     Respondent. ) | No. 3:09-CV-0417-B (BH) <br><br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court, this case has previously been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge parole proceedings in August 2007 and August 2008. He also challenges the calculation of time credits applied to his ninety-month sentence imposed on October 20, 2006 for a Dallas County theft (Cause No. F-02-00241). Respondent is Nathaniel Quarterman, Director of TDCJ-CID. Petitioner's filing indicates that he not pursued his claims through available state processes.

**II. EXHAUSTION**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in

federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). "The exhaustion requirement applies to prisoners challenging parole decisions to the extent that a determination by the Court could affect the length of time in custody." *Thornton v. Cockrell*, No. 3:03-CV-1656-G, 2003 WL 21741536, at *1 (N.D. Tex. July 25, 2003) (recommendation of Mag. J.), *accepted by* unpub. order (N.D. Tex. Aug. 14, 2003). In *Ex Parte Geiken*, 28 S.W.3d 553 (Tex. Crim. App. 2000), the Texas Court of Criminal Appeals held that an "[a]pplicant's habeas corpus claims alleging illegal confinement arising after his felony conviction, but not contesting the validity of the judgment, may be raised under Code of Criminal Procedure Art. 11.07." 28 S.W.2d at 556.

Further, as of January 1, 2000, Texas inmates must generally pursue sentence credit issues through a dispute-resolution process within the prison system before seeking relief through the state habeas process. *See* Tex. Gov't Code § 501.0081 (Vernon 2004). A Texas inmate is exempt from this process only when the inmate "is within 180 days" of release. *See id.* After completion of the dispute-resolution process or upon being exempted from such completion, the inmate must also pursue relief through the state habeas process to fully exhaust his state remedies. *Id.*; *Ex parte Shepherd*, 65 S.W.3d 673, 674-75 (Tex. Crim. App. 2002) (Cochran, J., concurring).

Here, petitioner has not presented a claim relating to his parole denials to the Texas Court of Criminal Appeals.[1] In addition, he has not indicated that he has pursued his time credit claims

---

[1] Although the petition appears to indicate that petitioner filed a state writ to "attack parole" in September 2008 which remains pending (*see* Pet. at 3-4), such appearance directly conflicts with petitioner's specific statement that he has no state proceedings pending (*see id.* ¶ 23) and the official web site of the Texas Court of Criminal Appeals which shows nothing pending before it, *see* Texas Courts Online, http://www.cca.courts.state.tx.us/opinions/casesearch.asp?

through the available state processes, (*see generally* Pet.), and he concedes that he has raised some of his claims for the first time in this federal collateral proceeding, (*See id.* ¶ 22). A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Because petitioner has presented no claim to the Texas Court of Criminal Appeals, that court has had no opportunity to review the claims raised in the instant federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** without prejudice for failure to exhaust state court remedies.

---

CaseNumberNo=&DateFiled=&DateFiled2=&Style=Daniels%2C+James&Style_2=&COACaseNumberNo= (accessed Mar. 23, 2009).

**SIGNED this 23rd day of March, 2009.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE